UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE JUAN FERNANDEZ,

        Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

        Respondents,

Case No. 2:26-cv-930-KCD-NPM

_____/

## **ORDER**

This Court previously ordered the Government to provide Petitioner Jorge Juan Fernandez with the informal interview required by 8 C.F.R. § 241.13(i)(3). (Doc. 8 at 12.) The Government did exactly that. Record evidence shows that an immigration officer met with Fernandez the very next day. (Doc. 11.) Nevertheless, he moves the Court to enforce its order. (Doc. 15.)

Fernandez's real grievance is not that the interview failed to occur, but that it was not good enough. He complains the exchange was brief, lacked a "meaningful conversation," and amounted to little more than being handed a piece of paper. But a motion to enforce is not a Trojan horse for lodging new legal challenges. If Fernandez believes the April 29 interview was so procedurally deficient that it violated the Constitution or the agency's own rules, he has a remedy: he can file a new habeas petition. A closed habeas

case, however, is not a rolling docket for every subsequent dispute that arises. When factual developments give rise to new claims, the proper procedural vehicle is a new habeas petition. *See, e.g., Franco Rodriguez v. Acting Dir. U.S. Immigr. & Customs Enf't, Miami Field Off.*, No. 2:26-CV-2-KCD-DNF, Doc. 29 (M.D. Fla. Mar. 17, 2026).

Accordingly, Fernandez's motion to enforce (Doc. 15) and for immediate release (Doc. 18) are **DENIED**.

**ORDERED** in Fort Myers, Florida on July 9, 2026.

Kyle C. Dudek
United States District Judge